A93A0535. HILLINGA v. INTERCREDIT CORPORATION.
(435 SE2d 246)

POPE, Chief Judge.

Plaintiff/appellant Roelof Hillinga appeals the trial court's order granting summary judgment to defendant/appellee Intercredit Corporation.

1. The record shows that pursuant to the terms of the parties' employment agreement plaintiff was employed by defendant as its vice-president for sales and marketing for a three-year term commencing September 1, 1989. In April 1991 plaintiff submitted his letter of resignation and subsequently brought the present action for breach of contract seeking to enforce paragraph 10 and other provisions of the parties' employment agreement. Subsection A of paragraph 10, described by plaintiff as an "employment security" provi-

sion and defendant as a "golden parachute" provision, provides in relevant part as follows: *"Change of Control of the Company.* Notwithstanding anything to the contrary contained elsewhere in Section 10, in the event of a shift of 20% in equity ownership of the Company, or 33% or more in the membership of the Board of Directors occurs, the Employee shall be entitled to an amount equal to five (5) years of base salary and continuation of all benefits and perquisites in the event that: (1) the Employee is terminated without cause (no fault attributed to the Employee) or (ii) the Employee resigns voluntarily due to unique difficulties encountered under the new corporate ownership, such as (a) the status of Employee is markedly diminished (e.g., exclusion from the Executive Council); (b) undue harassment (e.g., an oppressively different travel schedule or forced transfer to an inconvenient location); (c) reduction in pay; or (d) loss of perquisites. . . ."

Defendant argues that the trial court's grant of summary judgment should be upheld because the record does not establish a change in corporate ownership or control, which is a condition precedent to the enforcement of the contract provision. We agree and affirm the grant of summary judgment as to plaintiff's claim under this provision. Although the parties presented conflicting evidence on the question of whether there had been the requisite shift in equity ownership or increase in the number of directors, the record establishes without dispute that the "unique difficulties" encountered by plaintiff were not "due to . . . new corporate ownership," as is also required under the terms of the contract. Our review of the record shows that the incidents of "unique difficulties" recited by plaintiff in support of his right to recover under the contract were primarily attributable to the actions and policies of the president, CEO and largest shareholder of the corporation, Douglas Matthews. The record is likewise clear that Matthews occupied these positions during the entire period of plaintiff's employment, and as plaintiff testified in his deposition, that the purpose of the provision in question was to protect certain management level employees in the event that Matthews *lost* control of the corporation. Lastly, we also note that some of the difficulties were neither "unique" to plaintiff nor precipitated by any alleged change in corporate control, but rather were the result of financial difficulties experienced by the corporation. Inasmuch as the record does not support plaintiff's right to recover under paragraph 10 of the contract, the trial court's order granting defendant's motion for summary judgment as to that claim is affirmed.

2. Plaintiff also contends that defendant breached the terms of the employment agreement by improperly reducing his salary. Defendant does not dispute that plaintiff's salary was reduced from that stated in the employment agreement, but argues that a portion of

plaintiff's salary, as well as that of other employees, was merely "deferred" because of financial difficulties the company was experiencing, but that plaintiff resigned before his full salary could be reinstated. Because the facts are in dispute as to this issue, we find summary judgment was improperly granted as to this claim, and plaintiff is entitled to have a jury resolve this issue.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JULY 30, 1993 —
RECONSIDERATION DENIED AUGUST 23, 1993 ■■■■■■■■■■

*Love & Willingham, Allen S. Willingham*, for appellant.
*Paul, Hastings, Janofsky & Walker, John G. Parker, Debra J. Gross*, for appellee.